ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 24 2005
CLERK, U.S. DISTRICT COURT
By ______ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Texas Barcode Systems, Ltd.** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause No. 3-05CV-1030-H** |
| | § | |
| **Zebra Technologies International, LLC & Ken Griffin** | § | |
| | § | |
| *Defendants* | § | |

**MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

**MAY IT PLEASE THE COURT:**

Zebra Technologies International, LLC ("Zebra") and Ken Griffin ("Griffin") (collectively, "Defendants") submit this Motion to Transfer Venue and Brief in Support and would respectfully show the Court as follows:

## I. INTRODUCTION

Defendants removed this matter to this Court because it constituted an attempt to resolve an issue central to a bankruptcy case pending before the United States Bankruptcy Court for the Eastern District of Texas. Defendants now request that this matter be transferred to that District for consolidation with the pending bankruptcy.

## II. FACTUAL BACKGROUND

An involuntary bankruptcy petition was filed against Texas Barcode Systems, Ltd. (the "Debtor") on January 5, 2005. The United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, is currently holding a trial on whether an order for relief should be entered against TBS. A copy of the Pretrial Order entered by the bankruptcy judge and executed by counsel for both Zebra and the Debtor is attached hereto.

On April 19, 2005, TBS filed its First Amended Petition in the County Court of Law No. 2 for Dallas County, Texas (the "State Lawsuit"). In the State Lawsuit, among other things, TBS attempts to litigate the issues that are currently pending before the bankruptcy court. Defendants removed the case to this Court on May 19 invoking this Court's bankruptcy jurisdiction.

## III. ARGUMENT AND AUTHORITIES

### A. This Case Should be Transferred to the Eastern District of Texas, Sherman Division

Venue is proper in the Eastern District of Texas, Sherman Division because the removed cause of action is a core proceeding in a bankruptcy filed in the Eastern District of Texas, arises under and relates to that same bankruptcy, and because transfer would serve the interests of justice and the convenience of the parties and witnesses. 28 U.S.C. §§ 1404, 1461.

#### 1. This Case Should Be Transferred to Sherman Because That Is the "Home Court" of the Bankruptcy Proceeding

The bankruptcy removal statute, 28 U.S.C. § 1452, requires that a case first be removed to this district court in the district in which the state court is located. It is then a matter of discretion for the district court to grant a subsequent transfer of venue to the "home" court in the Eastern District of Texas, Sherman Division. The jurisprudence makes clear where a case is removed to federal court based on bankruptcy jurisdiction, the case should be transferred to the "home" court of the bankruptcy for consideration of all substantive issues, including those involving jurisdiction. *See Kinney Systems, Inc. v. Intermet Realty Partnership (In re Convent Guardian Corp.)*, 75 B.R. 346, 347 (Bankr. E. D. Pa. 1987); *Bio-Energy of Lincoln, Inc. v. Solid Fuel Sales Corp. (In re Seybolt)*, 38 B.R. 123, 128 (Bankr. D. Mass. 1984) (noting removal court acts as a "conduit" to bankruptcy court under the removal statute).

In the State Lawsuit, TBS seeks damages based upon the "malicious" filing of the involuntary bankruptcy petition against it in the Eastern District. Further, TBS complains that the Defendants conspired against it with One Network to force TBS out of business. Each of these issues is currently before the bankruptcy court in an ongoing trial under Sections 303(i) and (h) of the Bankruptcy Code to determine whether an order for relief should be entered and whether the petitioning creditors, including Zebra, filed the bankruptcy petition in "bad faith."

TBS should not be permitted to involve another court in its disputes with the Defendants. Because the issues and parties involved in this cause of action are already before the bankruptcy court in Sherman, this Court should transfer venue of this removed action pursuant to 28 U.S.C. § 1412 to the situs of the bankruptcy case, the United States District Court for the Eastern District of Texas, Sherman Division, where it can be resolved together with all other matters related to the bankruptcy in an orderly fashion. *See Foxmeyer Health Corp. v. McKesson Corp. (In re Foxmeyer Corp.)*, 217 B.R. 511, 515 (Bankr. N. D. Tex. 1997) (stating that "presumptively," civil adversary proceedings should be venued with the underlying bankruptcy case); *Sudbury, Inc. v. Dlott (In re Sudbury)*, 149 B.R. 489, 493 (Bankr. N. D. Ohio 1993) (noting the "general presumption that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending"); *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Inc.)*, 27 B.R. 871, 873 (Bankr. E. D. Tenn. 1983) (holding that the "general rule" is that "the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction").

**2. Transfer is Appropriate Based on the Interests of Justice and Convenience of Parties**

Under 28 U.S.C. § 1404(a), the Court should transfer this action to a more convenient district where the parties already are litigating the propriety of the involuntary petition.

*Continental Grain Co. v. Barge* FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *see Andrade v. Chojnacki*, 934 F. Supp. 817, 832 (S.D. Tex. 1996).

Section 1404(a) authorizes a district court to transfer an action to another district court "for the convenience of the parties and witnesses, [and] in the interest of justice." The provision's broad remedial purpose is to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

Judicial efficiency clearly favors the bankruptcy court. Trial in with respect to the involuntary petition is currently ongoing. The Sherman bankruptcy court is already thoroughly familiar with the issues and the parties. Therefore, the interests of justice and the convenience of the parties dictate that this case should be transferred to the United States District Court for the Eastern District of Texas, Sherman Division.

## IV. CONCLUSION

WHEREFORE, Defendants Zebra Technologies International LLC and Ken Griffin request that, this Motion to Transfer Venue be set for hearing and that upon such hearing, this Motion be granted, and that this Court transfer venue of this cause to the United States District Court for the Eastern District of Texas, Sherman Division, and for such other and further relief to which it may be entitled.

Dated: May 24, 2005

Respectfully submitted,

Christopher J. Scanlan
TX Bar No. 24002900
Jennifer Salisbury
TX Bar No. 24007976
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
200 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Attorneys for Zebra Technologies International LLC and Ken Griffin*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on May 23, 2005, counsel for the Defendants conferred with counsel for the plaintiff regarding this Motion to Transfer Venue and Brief in Support, and the motion is opposed.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Motion to Transfer Venue and Brief in Support has been delivered by certified mail return receipt requested, to the following attorneys of record, on this 24th day of May, 2005.

Blake L. Beckham
Daylen K. Gallman
THE BECKHAM GROUP P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204

Rod L. Poirot
Cavazos, Hendricks & Poirot, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, Texas 75202-4425